Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3503 | **DATE** | 4/16/2003 |
| **CASE TITLE** | Trustees of the Glaziers, et al vs. Glass Masters Ltd., et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: The Court finds that the Funds are entitled to Summary Judgment and since Glass Master does not dispute the hours and contribution levels, judgment is entered in favor of the Funds in the amount of Eighty-Five (85%) of the sums shown due by the audit.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 17 2003 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initial | 32 |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 03 APR 17 AM 9:09 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**F I L E D**

APR 1 6 2003

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DOCKETED
APR 1 7 2003

TRUSTEES OF THE GLAZIERS,
ARCHITECTURAL METAL AND GLASS
WORKERS LOCAL UNION NO. 27
WELFARE AND PENSION FUNDS,

Plaintiffs,

v.

GLASS MASTERS LTD., an
Illinois corporation
involuntarily dissolved and
PETER GIBSON, Individually and
d/b/a GLASS MASTERS LTD.,

Defendants.

Case No. 02 C 3503

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

The plaintiffs are fiduciaries and plan sponsors of the
Glaziers, Architectural Metal and Glass Workers Local Union No. 27
Welfare Fund and Pension Fund (respectively, the "Funds"). They
bring this action under ERISA to recover delinquent contributions
and other amounts the Defendants allegedly owe under the collective
bargaining agreements and trust agreements to which defendants are
signatories. The defendants are a dissolved corporation and its
incorporator, Peter Gibson, (collectively, "Glass Masters") who
continues to operate the business as a d/b/a and is therefore
liable for its obligations. 805 ILCS 5/3.20.

## BACKGROUND

Glass Masters has bound itself to successive Collective Bargaining Agreements ("CBAs") with the Glaziers' Local beginning in 1994 and extending through June 2003. In October 1997, Glass Masters executed a Collective Bargaining Agreement with an Ironworkers Union local. Less than a year later, in July 1998, Glass Masters executed a new CBA with the Glaziers' Local. The Glazier CBA bargaining unit encompasses employees who perform glazing work, and Glass Masters contends that the Iron Workers' CBA does also. Gibson admits that the CBAs have overlapping coverage for Glazing work but contends that the CBAs give him the right to select which Union is to do the work.

The plaintiffs' auditor conducted a fringe benefit compliance audit with respect to two jobs Glass Masters performed during the period from January 1, 1999 through July 31, 2002. The two jobs included work entirely within the geographic coverage of the Glaziers CBA. Eighty-five to ninety percent of the work under the audit was clearly work covered by the Glaziers' CBA. ("Article 6 Classification/Scope of Work, Section 1. It is mutually understood and agreed that none but Journeyperson Glaziers or Apprentices will be employed on the following classifications: general glazing, . . . "). The remaining fifteen percent apparently involved the installation of pre-glazed glass or metal work which is not covered work under the CBA. No contributions were made by defendants for

- 2 -

the glazing work for which plaintiffs seek recovery in this suit, apparently because Glass Masters believed it had the right to assign glazing work to the Iron Workers Union. Glass Masters asserts that it made the required contributions to the Iron Worker Funds, corresponding to the plaintiffs' Funds in this case, and therefore need not contribute to the plaintiffs' Funds. The nub of the dispute therefore is whether the assignment of glazing work to the Iron Workers will excuse Glass Masters from making contributions to the Glazier Funds for the same work, even though it is covered work under the Glazier CBA.

## DISCUSSION

Section 515 of ERISA obligates an employer to make contributions to a plan to which it is contractually obligated. Defenses which might exist between the employer and the union, which are not apparent on the face of the written agreement, are not binding on the Funds, which has a status as a holder in due course. Therefore if the work done by defendants' employees is work that is cognizable under the Glazier CBA, the defendants are required to make contributions for the work, unless it is apparent otherwise from the face of the agreement. *Central States v. Gerber Truck Service, Inc.*, 870 F.2d 1148, 1153 (7th Cir. 1989)(en banc). An employer may not choose persons to perform covered work which has the effect of excluding persons covered by the collective bargaining agreement and thereby avoiding the obligation to make

- 3 -

contributions.  The Funds claims are based on contracts and not principles of labor law and cover whole bargaining units not just the members of the particular union.  *Moriarty v. Larry G. Lewis Funeral Directors, Ltd.*, 150 F.3d 773, 776 (7th Cir. 1998).  In other words, if the CBA provides that Glaziers are to perform glazing work, an employer cannot avoid the fund obligations by assigning work to non-union members or members of another union.  Therefore, the question is:  is the work performed covered work under the relevant CBA?  If so, contributions are due; if not, no payment is required.

Glass Masters have admitted that the audited work is covered by the Glazier CBA in its response to the Funds' Local Rule 56.1 statement and in its responsive brief.  Since the work involved glazing it would be hard to deny.  Therefore pursuant to the CBA the Funds became obligated to cover the employees whether they are members of the Glaziers' Union or not.  *Larry G. Lewis, Id.*  It is unfortunate that Glass Masters has apparently become obligated to contribute to the Funds of both unions for the disputed work but it has only itself to blame.  Glass masters entered into CBAs with two unions apparently having jurisdiction to perform glazing work, without designating in the CBAs which union was to perform the work.  The Funds cannot be expected to divine which union Glass Masters would favor.  Joint jurisdiction to perform specific work does not amount to a jurisdictional dispute.  *Chicago District*

- 4 -

*Council of Carpenters Pension Fund v. Faith Builders, Inc.*,
No. 00 C 1036, 2001 WL 99839 at *4 (N.D. Ill. Jan. 30, 2001). Even
if it did rise to the level of a jurisdictional dispute, it would
not affect the right of the Funds to recover because NLRB defenses
are normally not available to defeat an ERISA collection action.
*Martin v. Garman*, 945 F.2d 1000, 1005 (7th Cir. 1991).

## CONCLUSION

The Court therefore finds that the Funds are entitled to
Summary Judgment and since Glass Master does not dispute the hours
and contribution levels, judgment is entered in favor of the Funds
in the amount of Eighty-five Percent (85%) of the sums shown due by
the audit.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: _April 16, 2003_